The Chief Justice
delivered the opinion of the court.
This action of replevin was brought in the Court of Common *Pleas, of the county of Burlington, where the plaintiff declared for the taking and detention of sundry goods and chattels.
*407 The defendant avowed the taking of the goods and chattels as a distress for the sum of $40 of rent for the space of one year, ending on the 1st day of April, 1825, duo and in arrear for a dwelling house and premises held and enjoyed by the plaintiff for the space of five years and five months, next before and ending on the said day, and from thence, until, &c., as tenant of the defendant under a demise thereof by the defendant to him at the yearly rent of forty dollars, payable yearly.
The plaintiff pleaded to the avowry, 1st that he did not hold or enjoy the said dwelling house and premises, as tenant to the defendant under the supposed demise in the avowry mentioned, manner and form as therein alleged ; and 2d, that no part of the said supposed rent was in arrear from him to the defendant, in manner and form as alleged in the avowry ; and on these pleas, respectively, issues to the country were joined.
The jury found, as appears by the record, that the defendant “did unjustly take and detain the several goods and chattels in the plaintiff’s declaration mentioned, and that there was not due and in arrear from the said Eobert Quigley, unto the said Joel Middleton, on the said first day of April, in the year 1825, the aforesaid sum of $40, or any part thereof,” and thereupon they assessed the damages of the plaintiff.
The judgment rendered on this verdict having been removed here by writ of error, one of the causes assigned for reversal is, that the jury have not found a verdict on one of the issues.
The defendant in error insists that the verdict is a substantial answer to both issues, and that if there was no rent in arrear, according to the verdict, it is wholly immaterial whether the plaintiff did or did not hold and enjoy the premises, as alleged in the avowry.
The general rule is that the verdict must comprehend the whole issue or issues submitted to the jury in the particular *408 cause, otherwise the judgment founded on it may be reversed, 1 Arch. Pr. 190; Paterson v. The United States, 2 Wheat 225; Miller v. Tretts, 1 Ld. Raym. 324. In subservience to this rule, however, it has been held that though the verdict may not be expressed formally and punctually in the' words of the issue, yet if *the point in issue can be concluded-from the finding of the jury, the court will work the verdict into form and make it serve. Hanks v. Crofton, 2 Burrow, 698; Thompson v. Button, 14 John. 84. Tilghman, C. J., in Kerr v. Hartshorne, 4 Yeates, 293, limits the authority of the court to cases where the jury have expressed their meaning in an informal manner, and says, the court have no power to supply substantial omissions.
.The principal question, then, in considering the validity of the objection against the judgment, is whether the issue on the plea of non tenuit can be concluded from the finding of the jury ; and whether the finding on the second issue does render the first issue so wholly immaterial, that no notice needs be.taken of it.
The verdict, it must be admitted, is not a direct and explicit answer to both issues.' The fact that the rent was not in arrear, as alleged, does not show the truth of the plaintiff’s first plea, that he did not hold and enjoy the premises as stated in the avowry ; for he may have so held them for the very time mentioned, and yet, by payment or otherwise, no rent may have been due, either at the day it is said to have accrued, or at the time of the distress. The opinion of the jury on the first issue, cannot be learned from their verdict on the second. They may have believed the ■tenancy, but disbelieved the arrearage of rent. The point in issue on the first plea cannot then be concluded from the finding of the jury. In Porter v. Rummery, 10 Mass. Rep. 72, the court said that a construction, whereby a verdict expressed in the terms of one issue is extended to another issue, is not admissible, unless it appears to be the necessary-conclusion upon t-he whole record.
*409 In Brown, Exr. v. Henderson, 4 Mumf. 492, an action of debt was brought on a bond of the testator; the pleas were payment by the testator, and fully administered; on which issues were joined. The jury found a verdict “for the defendant, he having administered all the assets.” Judgment was rendered for the defendant; which was reversed in the District Court, because not responsive to both the issues; and the reversal was afterwards affirmed in the Supremo Court of Appeals.
Nor can the court mould the verdict into form. In doing so, how should.the court direct the verdict to be drawn up? For the plaintiff or for the defendant? That the plaintiff did or did *not hold and enjoy the premises as alleged? If, indeed, the jury had, in general terms, in the manner suggested by the counsel of the defendant in error, found for the plaintiff upon the issnes, or found the several issues for the plaintiff, the court below would have put the verdict into due form according to the issues. Such a verdict is usual and quite sufficient, and the very words of the issues need not be repeated by the jury. But we have no evidence that the jury did so find; on the contrary, the state of the record renders the presumption strong that they ■did not, or we may suppose both issues would have been formally answered.
There is a substantial difference between the questions involved in these two pleas, non tenuit, and nothing in arrear; between the nature of the subjects of inquiry presented by them respectively. Hon tenuit puts in issue the demise and tenancy as stated in the avowry or cognizance, and requires the defendant to prove them; 2 Saund. Pl. & Ev. 330. The plea of nothing in arrear admits 'the tenancy as stated in the avowry or cognizance, and puts in issue the fact of the rent being in arrear. Some slight evidence of the arrears must be gone into by the defendant, but the great burden of proving the rent, not in arrear, lies on the plaintiff; Ibid 331; Alexander v. Harris, 4 Cranch. 299. Iff *410 then, the plaintiff, not contenting himself with a plea which admits the tenancy, will interpose one which denies it, and which compels the defendant, at the risk of the cause, to produce proof of it, the consequences of a false plea ought justly to be visited upon him.
But it is argued that a'verdict on the first issue may be given or - supposed for the defendant, that the plaintiff did hold the premises as alleged, and yet the verdict on the second issue being for the plaintiff, he is entitled to judgment, and therefore the omission, which is observed in this record, must be immaterial. Is this position 'and the inference from it sound ? The contrary was held in Cook v. Green, 5 Taunton 594. In replevin, issues were taken on three pleas : 1st, non tenuit; 2d, nothing in arrear, and 3d, that the goods were not fraudulently removed. The court said, “ If the defendant disproved either of the three, he had a good cause of distress; there was no reason of prudence, or caution, which called on the plaintiff to aver'those *issues which he knew to be false ; no reason why he should not content himself with what he knew to be true.”
For these reasons I am of opinion 'the verdict is radically defective, and the judgment is liable to be reversed.
On the part of the defendant in error, it was insisted that if there is error in the matter assigned, it is amendable, and Petrie v. Hannay, 3 D. & E. 659, was cited. But if amendable, it cannot be done in this court. The amendment suggested is not one within the statute of jeofails or which an appellate court will actually make, or consider as amended and overlook, and moreover inasmuch as there is nothing, as already remarked, from which we can learn the opinion of the jury on the omitted issue, there is nothing whereby an amendment may be made. In Petrie v. Hannay, the amendment was made in the King’s Bench, where the judgment was rendered. So in Richardson v. Mellish, Error from C. B. to K. B., 3 Bingham, 334.
In my opinion, the judgment of the Court of Common Pleas should be reversed.
Judgment reversed.