61   177
s62   739

## DAVID MARINELLI, PROSECUTOR, v. THE STATE OF NEW JERSEY AND HENRY SCHNEIDER.

1. In a summary proceeding for a penalty the conviction must on its face sustain the legal propriety of the judgment founded upon it.
2. Where the conviction fails to set out evidence sufficient to support the judgment, the defendant in *certiorari* will not be permitted by an amended return to show a different conviction.

On *certiorari.*

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *George A. Bourgeois, Jr.*

For the defendants, *John W. Harding.*

The opinion of the court was delivered by

GARRISON, J. The record brought up by this writ of *certiorari* shows a conviction and judgment under the thirty-second section of the Game law (*Pamph. L.* 1895, *p.* 482) rendered by the Court of Common Pleas upon an appeal under this act. The conviction before us is clearly insufficient in that it does not contain the evidence on which the court below grounded its action. In penal proceedings that belong to the class styled "summary" it is essential that the conviction should thus sustain the judgment founded on it. *Keeler* v. *Milledge,* 4 *Zab.* 145; *Handlin* v. *State,* 1 *Harr.* 96; *Buck* v. *Danzenbacker,* 8 *Vroom* 359; *Doughty* v. *Conover,* 13 *Id.* 193; *Lyons* v. *Spratford,* 14 *Id.* 376; *Hoeberg* v. *Newton,* 20 *Id.* 617; *Jacobus* v. *Meskill,* 27 *Id.* 255.

After this conviction had been returned, the defendant in *certiorari* obtained a rule upon the Court of Common Pleas to amend its return, subject to the decision of the Supreme Court upon the question of practice. The amended return sets out evidence sufficient to cure in the above respect the

record returned with the writ.   We find, however, no warrant for such a practice in the case of summary convictions. They are, as stated in *Burn's Justice of the Peace*, "in restraint of the common law," so that "generally nothing shall be presumed in favor of the office of a justice of the peace, but the intendment will be against it."   The same author further adds : "Therefore, where a special power is given to a justice of the peace by act of parliament to convict an offender in a summary manner, without a trial by jury, it must appear that he hath strictly pursued that power, otherwise the common law will break in upon him and level all his proceedings."

It is not enough in these summary prosecutions that the power to convict has been strictly pursued ; it must in and by the conviction be made so to appear.   The reason for this is given by Lord Mansfield, in *Rex* v. *Little*, 1 *Burr.* 613, in these words : "Convictions ought to be taken strictly, and it is reasonable that they should be so because *they must be taken to be true against the defendant.*"

There is no analogy between these convictions and those judgments that are obtained in proceedings that follow the course of the common law, for in these latter a conviction by a jury is the orderly proceeding of record in the court of trial upon which its judgment or sentence rests.   Hence, back of every judgment is a record.   In summary convictions, on the contrary, the conviction and the judgment are acts of the same nature, and together constitute a record.   That is to be taken as true even to the extent of authorizing the imprisonment of the defendant.   When this record is removed there is nothing before the convicting tribunal by which to amend. To sustain the judgment a conviction must be substituted for the one that has been removed and found to be insufficient. This course would, in cases of this nature, be intolerable. The judgment against the defendant must stand or fall in this court by the conviction shown by the record before us.

Let the judgment be reversed.