EMMA L. DEMING ET AL. vs. JAMES JOHNSON ET AL.

First Judicial District, Hartford, March Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The measure or standard of duty exacted by law of a livery-stable keeper, is not such care as is commonly exercised by those engaged in that occupation, but such as persons of ordinary prudence usually exercise in the conduct of that business.
A casual misdirection in a charge to the jury is not always sufficient

ground for granting a retrial, especially if, as in the present instance, the jury were elsewhere in the charge fully and correctly instructed upon that subject.

A wilful and substantial deviation from the route or destination for which a horse and carriage are hired of a livery-stable keeper, will bar a recovery for his negligence in furnishing a defective harness, only when such deviation contributes to cause the injury complained of.

The question in such cases is not one of contributory negligence, but whether the wrongful act of driving upon a different road, in violation of the contract of hiring, contributed to the injury. If it did, the plaintiff cannot recover: if it did not, his deviation is of no consequence.

Argued March 3d—decided April 14th, 1908.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Windham County and tried to the jury before *Reed, J.;* verdict and judgment for the defendants, and appeal by the plaintiffs. *No error.*

*Samuel B. Harvey* and *Patrick J. Danahey*, for the appellants (plaintiffs).

*William A. King* and *Thomas J. Kelley*, for the appellees (defendants).

HALL, J. This is a suit against a livery-stable keeper by one who had hired a team from him, for injuries due to the insufficiency of the harness.

The following statements made by the court in charging the jury are the only errors assigned in the appeal:—

(1) " A livery-stable keeper is freed from liability for an accident, by showing that he exercised the usual skill, care and diligence ordinarily exercised by livery-stable keepers."

(2) " If the jury find that the horse was easily frightened by proximity to automobiles and the plaintiffs had knowledge of this fact, and that the plaintiffs drove on a road not contemplated in the hiring, and which was more traveled by automobiles than was contemplated, and if the

jury further find that the plaintiffs, by driving on such road not contemplated in the contract of hiring, came in proximity to an automobile and that such proximity so brought about contributed to the accident, then the verdict should be for the defendants."

The plaintiffs' criticism of the first statement is that it fails to correctly define the degree of care required of the defendants in furnishing the plaintiffs with a safe and sufficient harness, in that it makes the standard of such care that " ordinarily exercised by livery-stable keepers," instead of that " usually exercised by persons of ordinary prudence in the conduct of such livery-stable business," as the required standard is described in *Stanley* v. *Steele*, 77 Conn. 688, 694, 60 Atl. 640. Conceding that this language of the court does not give an entirely accurate definition of the ordinary care required of livery-stable keepers, the omission by the court of the words " by persons of ordinary prudence " is not, under the circumstances of this case, a sufficient ground for granting a new trial. Both before and after making the statement in question, the court instructed the jury substantially as asked by the plaintiffs in their written request; that it was the duty of the defendants to use reasonable care in the selection of a safe harness for the use of the plaintiffs, and that reasonable care meant that degree of care exercised by an ordinarily careful and prudent person acting in similar relations. The language quoted in the first reason of appeal is not the complete sentence as it appears in the record. There it reads : " On the contrary, a livery-stable keeper is freed from liability," etc. From the context this language was obviously used by the trial judge merely for the purpose of pointing out to the jury that the defendants were not public or common carriers, but private carriers, a correct statement of the duties of the latter of which he had just before given, and immediately afterward repeated.

The instruction given in the second statement complained of was adapted to the evidence presented. The finding shows that the defendants had offered evidence to

prove, among other things, that after the plaintiffs, with full knowledge that the horse was easily frightened at the proximity of automobiles, had driven it about ten miles beyond the destination stated by them in their agreement of hiring—the road to which destination was seldom traveled by automobiles and was free from that source of danger—and while driving down a steep hill upon a road much frequented by automobiles and extremely dangerous for public travel "so far as automobiles were concerned," the horse became frightened by a passing automobile and turned sharply to one side, and Mrs. Deming, unnecessarily and in a very careless manner, jumped from the carriage and fell, although the horse did not run and the carriage was not overturned, while her husband, who remained in the carriage, was not injured.

Section 1430 of the General Statutes makes it a criminal offense for any person hiring a horse to wilfully make any false statement relative to the time, place, or manner of using or driving the same, with intent to defraud any person.

The plaintiffs themselves requested the court to charge the jury that the mere fact that they hired the team to drive to Pleasant Valley, and drove beyond that point to the place of the accident, would not prevent them from recovering, and that their violation of any contract or statute, in order to prevent their recovery, must have contributed to the injury. The court so charged, and added, what was implied in the request, that if the jury found that the plaintiffs had so violated the terms of the contract of hiring, and that such violation contributed to the accident, the verdict should be for the defendants; and further added the statement complained of in the second assigned error.

It is true that the plaintiffs were not barred of redress merely because they had violated the terms of a contract or the provisions of a statute. The violation of the statute or of the contract of hiring, by driving upon a different road from that named in the agreement of hiring, was a material fact only as it constituted a breach of a duty which

the plaintiffs owed the defendants respecting the prevention or avoidance of such an accident as that that happened. *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498. If, therefore, driving upon the road where the accident happened instead of upon that named in the contract of hiring, could not have contributed to cause the accident, it was a fact of no consequence in the case. But in the description in the complaint of the manner in which the accident happened, it is alleged as a material fact that the horse became frightened at a passing automobile. Obviously the defendants' alleged negligent act, as stated in the complaint, was their failure to furnish the plaintiffs with reins which would not break when the driver was in a proper manner attempting to control the horse when frightened. If the plaintiffs' act of so driving upon a different road from that specified in the contract of hiring was the cause of the coming in proximity to an automobile, it follows that that act could have contributed to cause the accident. Whether the plaintiffs were driving upon a different road than that for which the team had been let to them, and if so, whether that fact was the cause of their coming in proximity to an automobile, and whether the proximity to the automobile contributed to cause the accident, were all questions of fact, which the court in the statement complained of properly submitted to the jury. The question was not one of contributory negligence, but whether the plaintiffs' wrongful act, in driving upon a different road in violation of the contract of hiring, contributed to cause the injury; although in respect to barring a recovery by the plaintiffs, there is no material distinction between such a wrongful act and contributory negligence. *Broschart* v. *Tuttle*, 59 Conn. 1, 20, 21 Atl. 925. See also *Palmer* v. *Mayo*, 80 Conn. 353, 68 Atl. 369.

There is no error.

In this opinion the other judges concurred.