## STATE v. WLADYSLAW JANKOWSKI.

Submitted December 7, 1911—Decided February 26, 1912.

1. Upon an indictment for transporting a girl through the state for purposes of prostitution the defendant was found guilty of "attempt"—*Held*, that this court upon a writ of error might deal with the case as if the verdict were set forth with technical precision as guilty of an attempt to commit the crime charged in the indictment.

2. Section 43 of the Criminal Procedure act (*Comp. Stat.*, *p.* 1834), authorizing a conviction of an attempt to commit the crime charged in the indictment where it appears that the defendant did not complete the crime charged, does not infringe the constitutional provision requiring indictment by a grand jury.

3. Upon an indictment for transporting a girl through the state for purposes of prostitution; it is admissible in order to prove the purpose, to prove that the defendant had transported other girls for that purpose.

On error to Essex Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the defendant, plaintiff in error, *Abner Kalisch* and *Harry Kalisch.*

For the state, *Andrew Van Blarcom*, assistant prosecutor.

The opinion of the court was delivered by

SWAYZE, J. The defendant was indicted for knowingly transporting by means of conveyance through this state, to wit, in and through the county of Essex, Helen Sedlak, a girl, for the purpose of prostitution. The indictment was found under section 7 of the act of 1910. *Pamph. L., p.* 24. The state proved that the defendant walked with the girl from a place in Newark to the railroad station and there procured tickets for New York and was immediately arrested. Upon these facts the court properly held that the defendant could not be convicted of the crime charged in the indictment, but that he could be convicted of an attempt to commit the crime under section 43 of the Criminal Procedure act. *Comp. Stat., p.* 1834. This section, it should be noted, differs from the act as it read at the time of the decision in *Marley* v. *State,* 29 *Vroom* 207. It is no longer required that the record should show an acquittal of the offence charged. The record in the present case shows a conviction of attempt. The first point made for the defendant is that there is no such crime as "attempt," and it is therefore argued that the verdict did not

warrant the judgment of imprisonment. Obviously, the verdict is incomplete, and, if the omission cannot be supplied, the conviction must be reversed. But it is equally obvious that the natural, and in fact the only possible meaning to be attributed to the verdict, is that the defendant was guilty of an attempt to commit the crime charged. It is well settled that in a civil case the court may mould the verdict into form and give it due and legal effect if the point in issue can be concluded from the finding of the jury. *Phillips* v. *Kent,* 3 *Zab.* 155; *Stewart* v. *Fitch,* 2 *Vroom* 17; *Humphreys* v. *Woodstown,* 19 *Id.* 588. It would be a reproach to our jurisprudence if an omission so purely formal were permitted to reverse a conviction otherwise legal, and we ought not so to hold unless we are concluded by the authorities. In Coke upon Littleton it is said "that if the matter and substance of the issue be found it is sufficient." *Coke Litt.* 227a. In Chitty's Criminal Law it is said that "a general, like a special, verdict may be amended in matter of form though not in any substantial degree." 1 *Chit. Crim. L.* 648. He cites as authority the famous case of *King* v. *Woodfall,* 5 *Burr.* 2661, in which, upon a trial for libel, the jury returned a verdict "guilty of the printing and publishing only," and the government moved to amend so as to enter the verdict according to the legal import of the finding of the jury. Upon the argument, Lord Mansfield said that the officer had entered up the verdict literally without so much as adding the usual words of reference to connect the verdict with the matter to which it related, and that the court were all of opinion that this was a technical omission of the clerk and ought to be set right. But they held that the word "only" must stand, since that was substantial, and accordingly a new trial was directed. The omission in the present case is similar to the omission that was supplied in King v. Woodfall. In *Commonwealth* v. *Judd,* 2 *Mass.* 329, the Supreme Court of Massachusetts held that a verdict could be amended by inserting the words, "in manner and form as is set forth in the indictment." The court said that all were of opinion that the words were merely technical, and, when omitted, ought to be supplied, and that, as the jury could not

inquire as to the truth of any facts but those which are comprised in the issue, it must necessarily be intended that whatever facts they find are according to the allegations of the indictment unless a different intention can be inferred from the verdict. In the present case, the omission is purely technical. The jury having found the defendant guilty clearly meant by their verdict to find him guilty of a crime. The only crime of which they could find him guilty under the instructions of the court was of an attempt to commit the crime charged in the indictment. Unless, therefore, they meant to find him guilty of an attempt to commit that crime, their verdict was an absurdity. That we cannot presume. Verdicts are often taken in the absence of the court by the clerk, who is not supposed to set them down with technical nicety and precision. In fact, a mere note is made of the verdict, and it is only reduced to legal form when the record is subsequently made up. The Essex Sessions might well have stated in the record returned to this court, the verdict according to its legal effect, and, notwithstanding their failure to do so, we may deal with it as if the verdict were set forth with technical precision.

An attack is, however, made upon the forty-third section of the Criminal Procedure act (*Comp. Stat., p.* 1834), authorizing a conviction of an attempt where proof of the crime charged in the indictment fails, and it is argued that the effect of this section is to deprive the defendant of his constitutional right not to be held to answer for a criminal offence, unless upon the presentment or indictment of a grand jury. We think this question is concluded in this court by the authorities. In *State v. Johnson,* 1 *Vroom* 185, it was held that on an indictment for rape, the defendant might be convicted of an assault and found not guilty of the rape. The principle which was established, with abundant citation of authority by Chief Justice Whelpley, was that the defendant might be convicted of the lesser offence if charged in the indictment, although only as an ingredient in the greater offence. Afterward, in *Farrell* v. *State,* 25 *Id.* 416, it was held that carnal abuse was necessarily attended with an assault, and that, therefore, the offence was accurately described by alleging that

there was an assault. In *State* v. *Thomas,* 36 *Id.* 598, the Court of Errors and Appeals stated the rule as follows: "The interests of public justice require that when an offence clearly and distinctly charged in the indictment is made out by the evidence, the defendant should not be acquitted. * * * When the offence is charged and proved there can be no surprise upon the defendant." "A party indicted for a crime may be convicted of any offence of a lower grade, provided such lower offence is included within the description of the indictment." Mr. Justice Dixon, speaking for the court, expressly said that these expressions were in harmony with our constitutional bill of rights that in all criminal prosecutions the accused should have the right to be informed of the nature and cause of the accusation. An attempt to commit a crime is embraced within a charge of the crime quite as clearly as an assault is embraced in a charge of rape, or in a charge of manslaughter or murder resulting from direct personal violence. The crime, if executed, is an attempt carried into effect. The attempt is a necessary constituent of the completed criminal act.

The learned trial judge admitted in evidence, on behalf of the state, the testimony of several girls that the defendant had taken them from New Jersey to his house in Brooklyn for purposes of prostitution, and the objection is now pressed that it was improper to allow evidence of the commission of other crimes for the purpose of proving the particular crime charged. The question was dealt with by the Supreme Court in *State* v. *Raymond,* 24 *Vroom* 260. Mr. Justice Dixon there recognized the exception to be made when the acts charged to be criminal might reasonably be innocent and are criminal only when performed with a certain intent, or with knowledge of a certain fact. "In such case," he said, "other acts of the defendant, though criminal, might be adduced to prove that he had such specific intent, or knowledge." He referred to the utterance of counterfeits, the making of false pretences, the reception of stolen goods, the publication of libels, and occurrences claimed by the defendant to be accidental. He added, "and, in general, it may be said that whenever the defendant's

guilt of an extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried, such guilt may be shown." This ruling was approved by the Court of Errors and Appeals in *Crosby* v. *Wells,* 44 *Id.* 790. At pages 807, 808, Judge Green collected the authorities with his usual thoroughness.

In the present case, one of the constituents of the offence is the transporting of girls for purposes of prostitution. It was therefore necessary to prove not only the acts of the defendant, but his mental state. The question is one of logic rather than of law. It can hardly be denied that where a course of conduct is established which indicates that the defendant is actually engaged in what is now called the "White Slave Traffic," the probability, in any particular case in which he is proven to have attempted to transport a girl, that he was transporting her for purposes of prostitution, is very much increased. The natural way of proving that a defendant is engaged in that traffic is to call his victims as witnesses. That was done in the present case, and we think it was proper. Since the question is one of logic involving probabilities, it often happens that judges disagree in their view as to the bearing of such evidence upon the case, and the line between instances that are near enough in time to the crime charged and those that are too remote to be evidential, is often a difficult line to draw. In the Raymond case occurrences happening several years before were held inadmissible; but the Raymond case, unlike the present, did not involve a course of business, and the trial judge, in the present case, limited the evidence to transactions antedating by a few months only the acts proved against the defendant. We find no error, and the judgment is affirmed.