### JULIUS BUDOVSKY *vs.* ANNA HADHAZI.

Third Judicial District, New Haven, June Term, 1920.
PRENTICE, C. J., BEACH, GAGER, CASE and CURTIS, Js.

Irrelevant, obscure and confusing instructions in a charge to the jury do not necessarily entitle the losing party to a new trial; for it may appear from the verdict rendered—as in the present case—that the jury were not misled, but were guided to their conclusion by the final instructions of the court, which were clear, definite and correct, upon what was the real and decisive issue in the case.

In an action to recover a loan of $200, alleged to have been made by the plaintiff to the defendant and her husband, since deceased, the defendant denied that she was a party to the loan, admitted that she had not repaid the money, but alleged that prior to her husband's decease the plaintiff took possession of the furniture in the restaurant in the plaintiff's building which the defendant and her husband had purchased with the $200 loan, and with their

consent had applied it in full satisfaction of his claim; and the jury returned a verdict for the defendant. *Held* that the issues thus raised called either for a verdict for the plaintiff for $200, or a verdict for the defendant; and that instructions touching the character of the possession taken by the plaintiff of the defendant's restaurant furniture and equipment,—whether he held it as security for the repayment of the loan, or as a conditional vendor—while entirely irrelevant to any claim raised by the pleadings or parties, did not entitle the plaintiff to a new trial, since the verdict for the defendant made it clear either that she did not borrow the money, or that if she did, the plaintiff took the restaurant furniture and equipment in full satisfaction of his loan, and that upon both of these points the instructions were sufficiently clear and explicit.

The jury first reported that the plaintiff should receive $50 damages and should keep the furniture. The trial judge refused to accept this and returned the jury for a further consideration. *Held* that this proposed verdict was not responsive to the issues raised by the pleadings or presented to the jury, and was properly disposed of by the trial judge.

Argued June 8th—decided August 5th, 1920.

ACTION to recover money loaned, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*John Keogh,* for the appellant (plaintiff).

*William F. Tammany,* for the appellee (defendant).

GAGER, J. This action is brought to recover $200 loaned by the plaintiff to the defendant and her husband, since deceased, for which they gave a receipt in the following form, viz: "We the undersigned acknowledge that we took $200 from Mr. Julius Budovsky this day relative to purchase price for the restaurant in his house on the following conditions: that the above sum be paid off as quick as possible and to pay interest at six per cent, until then all the furniture shall belong to him until $200 has been paid." This was

signed by the defendant and her husband. The answer denied execution of the receipt by the defendant, admitted she had not paid the money, and alleged that "prior to the decease of the defendant's husband the plaintiff without process of law took possession of the furniture mentioned in said receipt, and of a certain pool table, balls, cues and other equipment located in plaintiff's said building and thereby the claim of the plaintiff was fully satisfied." This last pleading necessarily implies assent to the application of the furniture mentioned to payment of the claim. The plaintiff denied the allegation of payment. The case was tried to the jury.

As appears from the finding, the plaintiff claimed that the defendant signed the receipt, that the loan was made to enable the defendant and her husband, who died prior to the bringing of this suit, to purchase a restaurant which had been carried on by a third party in the building owned by the plaintiff; that the furniture was used in the restaurant, and that he had never taken or accepted the furniture in satisfaction of the debt; that when, after four years' conduct of the restaurant business, during which time the defendant had paid interest and had possession of and used the furniture, the defendant vacated the premises, the plaintiff took and retained possession of the furniture as security, and that he still held it as security subject to defendant's redemption.

The defendant claimed that she never signed the receipt above set out and that she was not a party to the loan; that interest had been paid on the loan for four years during which time the restaurant was carried on by her husband; that plaintiff claimed to own the furniture, and that the defendant, by reason of such claim, could not sell, and that when she and her husband moved out of the restaurant the plaintiff took the furni-

ture in full payment of the loan of $200. Both parties agree that the $200 was given and received as a loan to enable the defendant and her husband to purchase the restaurant.

But two issues were raised by the pleadings or, so far as the finding shows, upon the trial: first, was the defendant indebted to the plaintiff; and second, if so, had the plaintiff taken or accepted the restaurant furniture in full payment. The real controversy under the defense of payment was whether holding possession by the plaintiff was in pursuance of his right of possession as a pledgee, in which case of course there was no payment and plaintiff could sue for the amount of the loan, or whether the plaintiff took and held the property by assent of the defendant as payment. The jury found for the defendant, and the plaintiff appeals for claimed error in connection with the rendering of the verdict, and for a number of errors in the charge.

The first five reasons of appeal relate, in substance, to the proceedings attending the rendition of the verdict. After the jury had reported a disagreement, they were returned for a further consideration of the case, and later returned a verdict in which they found that the plaintiff should receive $50 damages and should keep the furniture. This verdict was not read by the court to the counsel, and was not a part of the record except as it is made so by the finding, but the court instructed the jury, when this form of verdict was returned, as follows: "Gentlemen, the latter part of your verdict is not in issue, that is, this return. You see it is only a question of how much damages you will give the plaintiff, or whether you find a verdict for the defendant. You haven't any jurisdiction about the articles of furniture; that is not within your province, because the plaintiff does not ask for anything but damages, so you will retire, gentlemen, and re-

consider that part of it." After further consideration
the jury rendered a verdict for the defendant.

The substance of the plaintiff's criticism is that the
court erred in not expressly instructing the jury to
eliminate that part of their verdict as first delivered,
that plaintiff should keep the furniture, and that the
court should have accepted the verdict for $50 damages.
Assuming, for the moment, that the jury had been
correctly instructed, the proposed verdict for some
damages and for possession of the furniture was not
responsive to the issue raised by the pleadings or pre-
sented to the jury. The claim was for damages only.
The possession of the property, and the right of pos-
session under the contract, were not in issue. The
only point as to the furniture was whether it had been
taken and accepted as payment in full. So far as ap-
pears from the finding, there had been no controversy
as to value other than that: whatever its value was,
it was accepted as full payment. Whatever the jury
may have meant by their verdict with reference to
possession, this part was clearly improper in form, and
the court was right in refusing to accept it in that form.

The plaintiff specially objects to the language of
the court in saying to the jury that they had no juris-
diction of the furniture, and to reconsider that part
of the verdict. As just stated, the furniture was in
the case only to the point as to whether it had been
taken as payment in full, and the answer to that ques-
tion could only appear in the assessment of damages.
The direction of the court could only be construed in
that way. The issue of lawfulness of possession, as
such, whether as security or by conditional sale, was
not raised, and upon the claims of both parties it made
no difference which was the fact. Under either view,
the question of payment was the same. When the jury
were sent back the entire case was open to them, and

that the verdict was, on reconsideration, changed to a defendant's verdict, is no ground of objection. The motion to set aside the verdict is pursued upon this appeal only upon the above grounds. There is no error with reference to the taking of the verdict, or in refusing to set aside the verdict as finally rendered.

Besides complaining of the charge upon the return of the case for reconsideration, the plaintiff complains of a number of clauses in the charge, mainly because they introduce irrelevant and immaterial matters and extraneous issues, and so must have confused the jury and rendered its verdict of little worth. Upon the pleadings and claims of the parties, only two verdicts were possible: either for the plaintiff to recover $200, or for the defendant. The verdict for the defendant could be justified either on the issue that she did not borrow the money, or upon the issue that the plaintiff had taken and accepted the furniture as payment in full, with the defendant's assent.

It is to be confessed that much of the charge is vague, confusing and irrelevant to the real issue. In the first place, the court left the construction of the written contract to the jury, as to whether it was a security contract or a conditional sale. The court might properly have instructed the jury that the contract was one of security in the nature of a pledge, and, however the parties continued its use while the defendant carried on the restaurant business, the contract as written gave the plaintiff the right of possession as pledgee after the defendant left his building. If the decision of the case had required a construction of the contract, it would of course have been the duty of the court to construe it; and moreover, the transaction seems not to have been construed otherwise by the parties than as a loan and security transaction. The contract treats the $200 as a loan to be repaid with interest as soon as possible.

The fact of a loan, under well settled principles, stamps the contract, whatever its form, as a security for a loan, and is utterly inconsistent with the claim of a conditional sale. Moreover, the defendant's answer claiming payment is an admission that the transaction was a loan. In this connection the court did, however, charge correctly with reference to the real issue, that if the jury found it was a loan, as claimed by the plaintiff, "you will then take up the claim of the defendant which is virtually a claim of payment; and, if the facts are as the defendant claims they are, that the plaintiff has received payment by taking into his possession the articles of furniture contained in plaintiff's Exhibit B, or referred to there as furniture, and that therefore she has paid the debt which you have found to be due." The court apparently forgot to conclude the sentence, but the jury would undoubtedly understand that the omitted conclusion would be "your verdict will be for the defendant." And, on the other side of the claim, the court correctly said: "Now if you find, as is claimed by the plaintiff in this case, that the defendant made the contract as is claimed by the plaintiff, has signed the acknowledgment which is the evidence of the debt due as claimed by the plaintiff, and that she then abandoned this property, turned over the key to the plaintiff and left this property, and that the plaintiff took, as he claims he did, into his possession and cared for it, as it was his duty under the law, and that it is now subject to her orders at any time, then you will find a verdict for the plaintiff for the sum of $200." These instructions are of course to be construed in connection with the defendant's allegation in her answer with respect to payment.

The court then proceeds, in several paragraphs assigned as error, to discuss the agreement and contract from the point of view of a conditional sale, as

involving the question of the value of the furniture when it was left in possession of the plaintiff, and the court told the jury that if, at the time the defendant left the building, she wanted to take the property with her and that the plaintiff, "against her will and against her consent, took the property into his possession and retained the same as his own, not as her care-keeper, but as his own property, resuming the actual possession of the same, you will then consider the value of the property; because, in a conditional bill of sale such as this apparently is, where the vendor sees fit to put into force his right to retake possession of the property because of a violation of the terms of the bill of sale on the part of the vendee, then the vendee is entitled to such credit as the property is worth. That is a question of fact for you to determine." Then, after reciting a claim that the property at the end of four years was worth $200, which was also left as a question of fact for the jury, the court goes on: "If you find, as I said, that the plaintiff took possession of that property, and now holds it as his own, not as bailee for the defendant, then you would come to the question of what it is worth at the present time. And while the evidence is not very clear or specific upon that point, it is nevertheless your duty to arrive at your conclusion from the evidence such as it is, and if that property has depreciated, or is worth less than $200, in whatever degree, whatever the amount of that depreciation and the loss of value is, the plaintiff is entitled to be given the credit of it, that is to say, he should not be charged by you with any more than the real value of that property."

The plaintiff in his brief correctly says: "The question of the value of the property under these issues is absolutely immaterial, and the sole questions to be determined were: (1) was the defendant indebted to the plaintiff; (2) had the plaintiff so taken possession

of certain property that in law any claim he might have against the defendant was fully satisfied." And the plaintiff further says, of this direction: "This clearly puts in issue the present value of the property, and just what bearing that can have on the case is difficult to understand, as the question raised by the pleadings was whether the plaintiff, by taking possession of the property, had thereby fully satisfied his claim."

All this part of the charge is entirely irrelevant to any claim raised by the pleadings or upon the trial. The defendant's claim was that the property was left under plaintiff's agreement that "if the defendant and her husband would move out he did not want the money"; and that relying on this agreement they moved out leaving the property. The plaintiff claimed that there was no such agreement, and that he held possession as security only. This portion of the charge proceeds upon the idea that if the plaintiff took possession of the property and held it as his own without the assent of the defendant and without any agreement as to payment, he was entitled to apply only the value of the property at the time he took possession toward payment of his claim, and could recover the balance. Whatever may be said of the law of this portion of the charge, it was quite irrelevant to raise an issue of value not involved in any correct view of the case or claimed by either party. There was in fact no conditional sale and no taking possession by a conditional vendor; and it further appears from the claims of both parties as disclosed by the finding, that the plaintiff sold nothing to the defendant, but loaned money to enable her and her husband to buy the furniture from a third party. After all this, and immediately following this digression, the court got back on to firm ground and charged finally and correctly under the real issue: "So that the case resolves itself down to, first, was the money loaned

as claimed by the plaintiff; and if you find that it was so loaned, did the defendant abandon the property, leave it there, as she says, upon the understanding or statement made by the plaintiff 'if you will get out, I don't want your money'; because, if you find that to be the fact, then you will find a verdict for the defendant."

The plaintiff, in another reason of appeal, complains because the court did not charge that the agreement was a conditional bill of sale, and that the title remained in the plaintiff until the $200 was paid, instead of leaving that question to the jury. As seen above it would have been error to so charge.

The ninth reason of appeal is criticised as vague and obscure. This relates to some aspects of a conditional sale, and to that extent is erroneous. It is quite true that the allusions are obscure, but we cannot see that they definitely instruct the jury as to any point material in the case. Both the latter two paragraphs mentioned confuse "loan or security" and "conditional sale." Nothing, however, will be gained by setting out the paragraphs in detail.

Notwithstanding these criticisms of the charge and the manifest errors made by the court, it is to be noted, as stated above, that they are mainly objected to as being immaterial, irrelevant, obscure, and confusing. The real question remains whether, under the pleadings and the claims of the parties as disclosed in the finding, the portions of the charge complained of and determined to be erroneous entitle the plaintiff to a new trial. It is well settled that errors in a charge, if it clearly appears that they were not misleading or could not or did not affect the result ultimately reached, do not furnish ground for a new trial. Were the jury misled by the errors in this charge to the injury of the plaintiff? The defendant's verdict is a clear finding either that

the defendant did not borrow the money, as to which the instruction was clear, or that if she did borrow the money the plaintiff took the property in full satisfaction of his loan. The final instructions—and they must have been understood by the jury as controlling—were definite and correct, and have been set out in full in the previous part of this opinion. These were clinched by the final charge of the court on returning the jury for further consideration. If the court had charged that the transaction was a conditional sale with the consequences as claimed by the plaintiff, this would have been equally erroneous with the charge actually given upon that point. In leaving the question of conditional sale to the jury, with the consequences set out as to the crediting of the valuation lower than $200 as stated by the court, the charge was too favorable to the plaintiff, and that portion of the charge seems to be the only portion as to which, in the setting furnished by this case, any serious objection could be taken. In a case where both the pleadings and the claims of the parties call for a plaintiff's verdict of $200, or a defendant's verdict, irrespective of whether the agreement was for security or a conditional sale, we cannot see that the errors claimed by the plaintiff worked to his disadvantage, and he is not entitled to a new trial on what in this case must have been immaterial error. *Deming* v. *Johnson*, 80 Conn. 553, 69 Atl. 347; *State* v. *Kallaher*, 70 Conn. 398, 39 Atl. 606; *Wheeler* v. *Thomas*, 67 Conn. 577, 35 Atl. 499; *Lutton* v. *Vernon*, 62 Conn. 1, 11, 23 Atl. 1020, 27 *id.* 589; *Munson* v. *Derby*, 37 Conn. 298.

Referring to the final and definite instructions set out above, we may adopt the statement of this court in *Hubert* v. *New York, N. H. & H. R. Co.*, 90 Conn. 261, 274, 96 Atl. 967, made with reference to contributory negligence: "After the final instructions, given

in such a way as to impress them most strongly upon the jury's attention, their minds could hardly have been left in a state of doubt or confusion."

There is no error.

In this opinion the other judges concurred.