576 A.2d 270

MARK KASSICK, PLAINTIFF–RESPONDENT, v. MILWAUKEE ELECTRIC TOOL CORPORATION, DEFENDANT–APPELLANT, AND J. WALTER COMPANY, J.H. FISHER & SON, AND INDUSTRIAL WELDING SUPPLY, DEFENDANTS.

Argued March 26, 1990—Decided July 16, 1990.

*Stephen G. Sweet* argued the cause for appellant (*Methfessel & Werbel,* attorneys).

*Richard H. Thiele* argued the cause for respondent (*Thiele & Hermes,* attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

In this products liability case, plaintiff, Mark Kassick, sought to prove that a sander manufactured by defendant Milwaukee Electric Tool Corp. (Milwaukee Electric or defendant) had three defects. In response to a question submitted by the trial court, the jury, without identifying the specific defect, found that the sander was defective. Finding further that the defect or defects were not the proximate cause of plaintiff's injuries, the jury returned a verdict of no cause for action.

In an unreported opinion, the Appellate Division reversed in part because of error in the charge on proximate cause. From its review of the record, the court identified the defect as the absence of a side-handle interlock. The court remanded the matter to the Law Division for a retrial limited to the issues of proximate cause and damages. We granted defendant's petition for certification, 117 *N.J.* 117, 564 *A.*2d 847 (1989), and now modify and affirm the judgment of the Appellate Division.

–I–

Plaintiff, an employee of Weldotron Corp. (Weldotron), was injured while working with a nine-inch power sander manufactured and sold by defendant to Weldotron. Defendant manufactures a grinder that is a virtually identical tool except that it uses a grinding wheel and is sold with a guard designed to protect the operator from wheel fragments. No guard is needed when the tool is used as a sander because sandpaper does not pose a risk to the user. The tool also has a removable side handle that can be attached on the right or left side, depending on the user's preference.

At the time of the accident, plaintiff was using the sander as a grinder without either a guard or the side handle. He was smoothing welds on the inside of a metal cabinet called a "heat shrink tunnel." The "sander" caught on a weld, kicked back, and struck plaintiff in the face, cutting him.

Suing in strict liability in tort, plaintiff alleged three defects in defendant's sander: lack of an interlock to prevent use of the tool as a grinder without the guard; lack of an interlock to prevent operation without a side handle; and lack of adequate warnings against use of the machine as a grinder without attaching both the guard and the side handle.

At the conclusion of the trial, in answer to specific questions posed by the court, the jury found that the tool was defective, that plaintiff had misused it, that the misuse had been foreseeable by defendant, and that the defect or defects had not been the proximate cause of the accident. Accordingly, the trial court entered judgment for Milwaukee Electric and for co-defendant, J. Walter Company, which manufactured the grinding wheel. The Appellate Division affirmed the dismissal of J. Walter Company, and plaintiff did not seek certification from that judgment.

Concerning Milwaukee Electric, the Appellate Division affirmed in part and reversed in part. The court affirmed that part of the judgment "exonerating" Milwaukee Electric from liability for any defect other than the failure to provide a side-handle interlock. From its review of the record, the court found no proof supporting the allegations that the tool was defective because of the absence of a guard interlock or because of inadequate warnings. Finding prejudicial error in the instructions on proximate cause, however, the court remanded for retrial on liability attributable to the absence of a side-handle interlock. According to the Appellate Division, the issues on remand would be limited to the absence of such an interlock as a proximate cause of plaintiff's accident and damages.

Before us, the parties are in accord that proximate cause and damages remain as issues. They also now agree that neither the absence of a guard interlock nor the inadequacy of the warnings remains as an issue. Their only point of difference concerns the Appellate Division's finding that the sander was defective because of the absence of a side-handle interlock.

–II–

Defendant argues that the Appellate Division improperly interfered with the jury's role by concluding that the jury necessarily found that the absence of the side-handle interlock was the defect. It points out that although plaintiff tried to prove three specific defects, the jury found only that "the machine manufactured by Milwaukee [was] defective." According to defendant, that general finding does not permit an appellate court to identify the specific defect that was found by the jury. We agree.

By concluding that the jury "undoubtedly" found only one of three alleged defects, the Appellate Division made unwarranted assumptions about the jury finding. As the court commented, "it would have been helpful for our purposes * * * if each of the three defects, the alleged inadequate warning, lack of a guard interlock, and lack of handle interlock, had been the subject of a separate interrogatory and finding by the jury." On remand, we commend that suggestion to the trial court.

On this appeal, we are bound by the deference to be accorded to jury verdicts. An appellate court may overturn a jury verdict "only if [that] verdict is so far contrary to the weight of the evidence as to give rise to the inescapable conclusion of mistake, passion, prejudice, or partiality." *Wytupeck v. City of Camden*, 25 *N.J.* 450, 466, 136 *A*.2d 887 (1957); *Hager v. Weber*, 7 *N.J.* 201, 210, 81 *A*.2d 155 (1951); *see also Baxter v. Fairmont Food Co.*, 74 *N.J.* 588, 597–98, 379 *A*.2d 225 (1977) (concluding a jury verdict should not be set aside unless "the continued viability of the judgment would constitute a manifest denial of justice"); *Kulbacki v. Sobchinsky*, 38 *N.J.* 435, 444–45, 185 *A*.2d 835 (1962) (trial court cannot displace jury verdict merely because in its view outcome should have been different).

In a similar vein, *Rule* 2:10–1 states that a jury verdict shall not be reversed as against the weight of the evidence "unless it clearly appears that there was a miscarriage of justice under

the law." In addition, the Rules of Civil Procedure expressly limit the trial court's power to interfere with or to modify a jury's findings of fact. *See R.* 4:39–2 ("When the [jury's] answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial."); *see also Roland v. Brunswick Corp.,* 215 *N.J.Super.* 240, 244–45, 521 *A.*2d 892 (App.Div.1987) (finding improper intrusion into jury function where trial judge submitted only one question to jury for reconsideration when it had returned two inconsistent answers). Although an appellate court has a duty to canvass the record to determine whether a jury verdict was incorrect, that verdict should be considered "impregnable unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice." *Carrino v. Novotny,* 78 *N.J.* 355, 360, 396 *A.*2d 561 (1979).

That deference to a jury's findings is reflected also in the general rule that a trial court may not "mold" a jury verdict according to its perception of the jury's view. *See* Pressler, *Current New Jersey Court Rules* (1989), comment to *R.* 4:39–2. A verdict may be "molded in consonance with the plainly manifested intention of the jury," *Turon v. J. & L. Constr. Co.,* 8 *N.J.* 543, 552, 86 *A.*2d 192 (1952), but such a determination is best performed in the presence of the jurors and with their consent, *Butler v. Acme Mkts.,* 89 *N.J.* 270, 283, 445 *A.*2d 1141 (1982). Moreover, molding a verdict is most appropriate when it pertains to form rather than substance. *Gilday v. Hauchwit,* 91 *N.J.Super.* 233, 238, 219 *A.*2d 873 (App.Div.1966), *rev'd on other grounds,* 48 *N.J.* 557, 226 *A.*2d 834 (1967); *Poland v. Parsekian,* 81 *N.J.Super.* 395, 402, 195 *A.*2d 660 (App.Div. 1963), *certif. denied,* 41 *N.J.* 520, 197 *A.*2d 568 (1964); *Neumann v. Wildermann,* 35 *N.J.Super.* 562, 566, 114 *A.*2d 560 (App.Div.1955). Once the jury is discharged, both trial and appellate courts are generally bound to respect its decision, lest

they act as an additional and decisive juror. *Dolson v. Anastasia,* 55 *N.J.* 2, 6, 258 *A.*2d 706 (1969).

■ Similarly, when a plaintiff presents multiple grounds for relief and the jury returns a general verdict without specifying the ground on which it has relied, a reviewing court should not identify as a matter of law the ground on which the jury necessarily relied. *See Ettin v. Ava Truck Leasing,* 53 *N.J.* 463, 480, 251 *A.*2d 278 (1969) (when no-cause verdict in earlier action against truck driver was probably based on absence of negligence, Appellate Division erred in later action against party who directed driver by holding that original verdict "also rested on the alternative finding of no proximate causation"); *Kinnel v. Mid–Atlantic Mausoleums,* 850 *F.*2d 958, 964–68 (3d Cir.1988) (finding reversible error where district court entered judgment against party not named by jury in response to interrogatories).

■ Here, the Appellate Division's decision essentially determines that the jury found only one of three possible defects. Given the non-specific nature of the jury finding regarding those defects, the court's conclusion is unjustified. Because the verdict form did not ask the jury to specify the defect or defects that it found to exist, the Appellate Division was not at liberty to assign a specific defect to that general finding. From the present record, we cannot rule out as a matter of law that the jury may have lighted on one or both of the other defects. By trying to fill the gap, the Appellate Division unintentionally invaded the province of the jury.

The judgment of the Appellate Division is affirmed as modified, and the matter is remanded to the Law Division for a new trial against defendant Milwaukee Electric on all issues.

Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI, and STEIN join in this opinion.

*For affirmance as modified and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI, STEIN and POLLOCK—7.

*Opposed* —None.