**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1559-17T2

MICHAEL BARTOW,

    Plaintiff-Appellant,

v.

NICHOLAS A. REIF and THE
PORT AUTHORITY OF NEW
YORK AND NEW JERSEY,

    Defendants-Respondents.

_____

Submitted January 28, 2019 – Decided April 3, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3624-12.

Drazin & Warshaw, PC, attorneys for appellant (Brian D. Drazin, on the briefs).

Michael Farbiarz, General Counsel for the Port Authority of New York and New Jersey, attorney for respondents (Cheryl N. Alterman and Lauren T. Grodentzik, on the brief).

PER CURIAM

Plaintiff Michael Bartow was driving in the westbound left lane of 150th Avenue near John F. Kennedy Airport when his car collided with an approximately twenty-seven-foot-long truck, owned by defendant, the Port Authority of New York and New Jersey, and driven by its employee, defendant Nicholas Reif (collectively, defendants). Reif, with his fellow employee Mike Russo in the front passenger seat, was turning left onto 148th Street from the eastbound lanes of 150th Avenue. Plaintiff alleged injuries and filed suit.

The case was tried before a jury, which found plaintiff failed to prove Reif was negligent. The judge entered judgment in favor of defendants and dismissed the complaint with prejudice. Plaintiff moved for judgment notwithstanding the verdict (JNOV) or, alternatively, for a new trial. The judge denied the motions, and this appeal followed.

Plaintiff argues the judge's failure to provide playback of testimony in response to a note from the jury requires reversal. He also contends there were errors in the judge's jury charge, and the judge failed to give a curative instruction promptly after defense counsel's opening and closing statements. Further, plaintiff alleges it was error to allow the jury to view the truck in the courthouse parking lot. Plaintiff also argues the verdict was against the weight of the evidence, and the judge erred in denying plaintiff's motion for JNOV or a

new trial. Having considered these arguments in light of the record and applicable legal principles, we affirm.

## I.

It was undisputed that the traffic light controlling the intersection was green in both parties' favor at the time of the accident. Plaintiff could not recall how fast he was travelling but testified simply that he never saw defendant's truck until it "suddenly . . . ma[de] a left turn" in front of him. Although plaintiff braked and turned toward the left, he could not avoid the collision.

Reif testified he was driving with Russo and stopped at the intersection because the light was red. He signaled to make a left turn and when the light turned green, seeing no oncoming traffic, Reif slowly began his turn. He was "[ninety-percent] finished" when a gray van sped past him on his right. Seconds later, Reif felt an impact on the passenger's side of the truck. Russo's testimony corroborated Reif's.

Shortly after starting its deliberations, the jury sent the judge the following note: "We are having a question amongst us about which direction the plaintiff turned his wheel before impact. Can we please see the plaintiff's testimony in reference to this[?]" The judge immediately responded by telling the jurors it was their "collective recollection . . . that controls." Because it was close to

lunch, the judge dismissed the jury, telling them, "I may talk to you a little bit more" after lunch. With the jury excused, plaintiff's counsel told the judge,

> I think it's incumbent upon the [c]ourt to at least tell them that we have that technical capability. . . . [W]hat you say beyond that is your discretionary call. But I have suggested to tell them . . . if it's absolutely necessary we have the technical capability, but that it would take a considerable amount of time to find that.

The judge expressed reservations, noting "[t]here were several times where both parties asked [plaintiff] what he was doing immediately before impact." Plaintiff's counsel agreed that the judge would need to play back both direct and cross-examination of plaintiff.

After the luncheon recess, the judge again expressed concern about accuracy if the court failed to play back all of plaintiff's testimony on the issue. Although plaintiff's counsel claimed he knew "exactly" where the answer to the jury's question was on direct examination, he acknowledged not knowing where it could be found during the cross-examination. The judge reiterated his earlier instructions and told the jury to rely on their "collective recollection."

Plaintiff contends the judge's decision not to provide playback of the testimony was reversible error. We disagree.

"Although the reading of all or part of a witness' testimony is within the discretion of the trial court, 'in the absence of some unusual circumstance, the

4

request should be granted.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 391 (2009) (quoting State v. Wolf, 44 N.J. 176, 185 (1965)). "A judge should not generally refuse to grant the jury a read back 'merely because the reading would take time.'" Velazquez v. Jiminez, 336 N.J. Super. 10, 39 (App. Div. 2000) (quoting Wolf, 44 N.J. at 186). "These rules also apply to proceedings, such as those here, which are 'sound recorded rather than stenographically transcribed.'" Ibid. (quoting State v. Middleton, 299 N.J. Super. 22, 31 (App. Div. 1997)). However, even if the judge mistakenly exercises his discretion, we do not reverse unless the error was harmful. Ibid. (citing R. 2:10-2).

Here, assuming arguendo the judge should have tried with the assistance of counsel to isolate representative testimony responsive to the jury's question, any mistake was not "clearly capable of producing an unjust result . . . ." R. 2:10-2. Whether or not plaintiff attempted to turn his steering wheel to the left shortly before impact was of little consequence to the jury's ultimate decision that plaintiff failed to prove defendant was negligent.

## II.

Plaintiff requested the judge charge the jury regarding two New York motor vehicle statutes. The judge agreed as to one but not the other, providing

instructions regarding New York Vehicle and Traffic Law §1141, which provides: "The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." N.Y. VEH. & TRAF. LAW §1141 (McKinney 1964) (emphasis added). The judge refused to charge §1163(a), which provides: "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway . . . unless and until such movement can be made with reasonable safety." N.Y. VEH. & TRAF. LAW §1163(a) (McKinney 1970) (emphasis added). The judge explained that as opposed to the more general §1163(a), §1141 specifically dealt with left turns at an intersection.

Plaintiff requested the judge instruct the jury that it could consider statutory violations of New York's motor vehicle laws as evidence of negligence. The judge concurred and provided the jury with instructions pursuant to Model Jury Charges (Civil), 5.30D, "Violation of Traffic Act" (approved Aug. 1999).

Plaintiff's challenge on appeal is twofold. First, plaintiff argues the effect of providing instructions only as to §1141, and not as to §1163(a), was that the jury could conclude defendant was under no duty to yield because plaintiff was not "within the intersection when [d]efendant began his turn."

However, this overlooks the plain language of the statute, which explains that defendant was under the obligation to yield if plaintiff was "so close as to constitute an immediate hazard," which is consistent with plaintiff's own testimony of how the accident occurred. Moreover, the judge provided Model Jury Charges (Civil), 5.30C, "Left-hand Turn" (approved March 1991), which provides that defendant was obliged to "seek an opportune moment for the turn" and to "exercise an increased amount of care in proportion to the increased danger." This instruction conveyed the heightened duty placed upon defendant not to make the left turn unless he could do so safely. We find no error.

Plaintiff also argues it was plain error for the judge not to instruct the jury that a violation of §1141 was not only evidence of negligence, but rather negligence per se. See Model Jury Charges (Civil), 5.30D at 1-2. He notes New York decisions have so held, and that failure to issue the charge is reversible error. See, e.g., Ciatto v. Lieberman, 698 N.Y.S.2d 54, 55 (App. Div. 1999) (holding a violation of § 1141 constitutes negligence per se and failure to so charge is reversible error). Plaintiff argues that under New Jersey's choice of law rules, the law of the state where the accident occurred controls.

Initially, plaintiff never requested the negligence per se charge, nor did he ever contend that a choice of law analysis required New York law to apply on

this point. In fact, during the charge conference, plaintiff's counsel cited the judge to Model Jury Charges (Civil), 5.30D, and said: "It tells [the jury a finding of negligence] can be based on the violation alone or if there's any additional evidence[,] . . . [t]hey can consider the violation together with all other evidence. So it's evidence of negligence that they can consider along with all the other evidence." The judge provided these precise instructions. In short, if there was any error, which we do not think there was, it was invited. See Brett v. Great Am. Recreation, Inc., 144 N.J. 479, 503 (1996).

III.

We deal with the remaining trial issues in short order.

In her opening, defense counsel characterized plaintiff as "barreling down" the road in a careless fashion. The judge overruled plaintiff's objection. In summation, defense counsel argued that skid marks on the highway were created by plaintiff's vehicle, an opinion that a Port Authority Police Officer who investigated the crash and was called as a defense witness specifically could not provide with certainty. Plaintiff's counsel never objected during the summation. Immediately after defense counsel's summation, and again in his final instructions, the judge told the jury that the attorneys' remarks were arguments, not evidence. Before us, plaintiff contends the judge should have

8

stricken defense counsel's comments and provided a curative instruction.[1] These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Plaintiff objected to the judge permitting the jury to view the actual truck, which had been fully repaired, in the courthouse parking lot. He argued that removing the truck from the context of the accident scene was prejudicial. The judge disagreed and permitted the viewing, advising the jury that the truck was "in a different situation and setting . . . ."

N.J.S.A. 2B:23-16(a) permits the jury to view "personal property in question to understand the evidence better." A view is not evidence, but may help the jury to understand "the evidence properly introduced before it by the

---

[1] Plaintiff also claims that defendants' trial testimony was so contrary to facts asserted in prior discovery, and defense counsel's arguments as to whether plaintiff was in the left or right lane of travel, and how far along the truck was in completing its turn before impact, were so contrary to discovery that we should reverse. Plaintiff included this contention in the same point heading as the argument regarding defense counsel's opening and summation comments. Legal arguments are required to be "divided[] under appropriate point headings . . . ." R. 2:6-2(a)(6). Other than the accident report, plaintiff failed to provide us with specific prior discovery that was contrary to trial testimony. Plaintiff's counsel cross-examined Reif about his prior deposition testimony, but the actual testimony is not in the record. On the record provided, the argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

parties." State v. Coleman, 46 N.J. 16, 25 (1965). We review the judge's decision for an abuse of discretion. Id. at 25-26.

We find no mistaken exercise of discretion in this case. Even though pictures of the truck were in evidence, it was difficult to imagine its substantial length and height. Defendants clearly wanted the jury to consider the mass of the truck in assessing the credibility of plaintiff's claim that he never saw the truck until it was in front of him. However, the judge noted that the jury would also see how high Reif was sitting while driving the truck, thereby supporting plaintiff's essential claim, i.e., that Reif turned without ever being able to make a reasonable observation of oncoming traffic. We find no reason to reverse.

## IV.

Plaintiff contends that the judge should have granted his JNOV motion or his motion for a new trial because the verdict was against the weight of the evidence. He also argues the jury failed to understand the heightened duty of care owed by a driver making a left-hand turn across traffic, such that Reif was essentially negligent as a matter of law. We disagree.

Contrary to plaintiff's assertion, the standards governing the two motions are not the same. In considering a motion for JNOV under Rule 4:40-2(b), the standard is: "[I]f, accepting as true all the evidence which supports the position

of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied . . . ." Verdicchio v. Ricca, 179 N.J. 1, 30 (2004) (alteration in original) (quoting Estate of Roach v. TRW, Inc., 164 N.J. 598, 612 (2000)). We apply the same standard on review. Estate of Roach, 164 N.J. at 612.

"The trial judge's obligation on a motion for a new trial because the verdict is said to be against the weight of the evidence is quite a different and more difficult one." Dolson v. Anastasia, 55 N.J. 2, 6 (1969). Under Rule 4:49-1(a), a court shall grant a motion for a new trial "if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law." The judge must take into account "not only tangible factors . . . as shown by the record, but also appropriate matters of credibility, generally peculiarly within the jury's domain, . . . and the intangible 'feel of the case' . . . gained by presiding over the trial." Dolson, 55 N.J. at 6. We apply a similar standard, deferring to the trial court's assessment of those factors "which are not transmitted by the written record . . . ." Id. at 7. Thus, "[a]n appellate court may overturn a jury verdict 'only if [that] verdict is so far contrary to the weight of the evidence as

to give rise to the inescapable conclusion of mistake, passion, prejudice, or partiality.'" Kassick v. Milwaukee Elec. Tool Corp., 120 N.J. 130, 134 (1990) (second alteration in original) (quoting Wytupeck v. City of Camden, 25 N.J. 450, 466 (1957)).

As for the JNOV motion, it is clear there was sufficient evidence for the jury to conclude that Reif's and Russo's testimony was more credible than plaintiff's, and that Reif was not negligent. The judge properly denied the JNOV motion.

We also affirm the judge's denial of plaintiff's new trial motion.

> Although an appellate court has a duty to canvass the record to determine whether a jury verdict was incorrect, that verdict should be considered "impregnable unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice."
>
> [Id. at 135 (quoting Carrino v. Novotny, 78 N.J. 355, 360 (1979)).]

We cannot reach such a conclusion in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12