**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2437-19

GEORGE BELLO,

    Plaintiff-Respondent,

v.

STATE FARM INDEMNITY
COMPANY, d/b/a STATE
FARM,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided April 26, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5631-17.

Soriano, Henkel, Biehl & Matthews, attorneys for appellant (Thomas W. Matthews, of counsel and on the briefs).

Alampi & DeMarrais, attorneys for respondent (Michael F. DeMarrais and Jennifer Alampi, on the brief).

PER CURIAM

In 2017, plaintiff George Bello filed suit against his auto insurance carrier, defendant State Farm Indemnity Company (State Farm), seeking damages for injuries arising from a motor vehicle accident. At the conclusion of trial, the jury returned multiple verdicts with conflicting answers regarding plaintiff's negligence, proximate cause, and plaintiff's fault. While acknowledging the inconsistency, the trial judge entered judgment for plaintiff.

State Farm now appeals from the January 24, 2020 Law Division order denying its motion to set aside the verdict, contending the trial judge erroneously accepted an inconsistent verdict and improperly charged the jury. We conclude the trial judge committed reversible error when he entered judgment for plaintiff, without the jury present, based on the inconsistent verdict. Accordingly, we reverse the judgement and remand for a new trial.

I.

This case arises from a 2013 motor vehicle accident involving plaintiff and two unknown drivers; for ease of reference, we refer to these unknown persons as the tractor-trailer driver and the Lexus driver. Both unknown drivers stopped their vehicles suddenly while traveling on Route 495 at or near an on-ramp to the New Jersey Turnpike. To avoid a collision, plaintiff swerved around both vehicles, but struck a guardrail in the process.

On August 18, 2017, plaintiff filed suit against State Farm seeking uninsured motorist and income continuation benefits for his injuries. The parties agreed to stipulate damages and proceed with a liability-only trial. The stipulation provided that if the jury found plaintiff fifty percent negligent or less, then State Farm would pay plaintiff the full $100,000 uninsured motorist policy limit.

On December 16, 2019, the parties appeared for trial. Plaintiff moved to preclude a Dolson[1] charge and application of N.J.S.A. 39:4-89 and Model Jury Charge (Civil) 5.30D. After hearing oral argument, the trial judge determined the charge applied and included it in his jury charge.

The following day, the jury heard the testimony of plaintiff, the only witness in the case, followed by summations and the judge's jury charge. At the conclusion of his instructions, the trial judge provided the seven-person jury with the following review of the verdict sheet:

1. Did [plaintiff] prove by preponderance of the evidence that the driver of

  the tractor trailer was negligent in his accident of October 14, 2013?

---

[1] Dolson v. Anastasia, 55 N.J. 2 (1969).

A-2437-19

2. Did [plaintiff] prove by preponderance of the evidence that the driver of

the [Lexus] was negligent in his accident of October 14, 2013?

3. Did [plaintiff] prove by a preponderance of the evidence that the negligence of the driver of the tractor trailer was a proximate cause of the accident?

4. Did [plaintiff] prove by a preponderance of the evidence that the negligence of the driver of the tractor trailer was a proximate cause of the accident?

5. Did [State Farm] prove by a preponderance of the evidence that [plaintiff] was negligent?

6. Did [State Farm] prove by a preponderance of the evidence that [plaintiff] was a proximate cause of the accident?

7. Taking the combined negligence of all parties that proximately caused the

A-2437-19

accident as being 100% - what percentage of total negligence is attributable to:

(a) [Plaintiff]

(b) Tractor Trailer Driver

(c) [Lexus] driver

At 4:33 p.m., the jury announced it had reached a verdict. When the foreperson announced the jury's verdict on question one as "two votes for yes and five votes for no," the trial judge immediately provided further instructions to the jurors, reminding them of his earlier instruction that this is "a civil case and any verdict of 6-1 or 7-0 is a legal verdict . . . you need that on each question before you go on to the next question or stop your deliberations as instructed." The judge then advised the jurors "to return to the jury room and continue with your deliberations."

At 4:46 p.m., the jury returned and announced a revised verdict. The jury answered no to questions one and three, finding the tractor-trailer and Lexus drivers not negligent; however, the jury answered yes to questions two and four, finding the two unknown drivers' negligence a proximate cause of the accident. The jury then apportioned fifteen percent of fault to the tractor-trailer driver and forty-eight percent of fault to the Lexus driver. The jury also found plaintiff

5

negligent but not a proximate cause of the accident; nevertheless, the jury then apportioned thirty-seven percent of fault to him.

After discussing the revised verdict with counsel, at 5:07 p.m., the judge advised the jurors that "your verdict sheet is somewhat inconsistent." After explaining the inconsistencies in their verdict, the judge provided "a clean verdict form" and instructed the jurors to return to their deliberations.

The jury ultimately returned with its third and final verdict. Here, the jury answered yes to questions one through four, finding both the Lexus and tractor-trailer drivers negligent and a proximate cause of the accident. The jury apportioned twenty percent of fault to the tractor-trailer driver, and fifty-five percent of fault to the Lexus driver. The jury also answered no to questions five and six, finding plaintiff not negligent nor a proximate cause of the accident. Nevertheless, the jury apportioned twenty-five percent of fault to the plaintiff. The judge again acknowledged the jury's inconsistency regarding plaintiff's negligence and fault.

Over defense counsel's objection, the trial judge proceeded to discharge the jury and enter judgment in favor of the plaintiff because the jury found plaintiff less than fifty percent at fault.

State Farm filed a motion to set aside the verdict, which the trial judge denied on January 24, 2020. The judge did not find a miscarriage of justice warranting a new trial because the jury consistently found plaintiff less than fifty percent at fault, and therefore entitled to recover from State Farm according to the parties' pre-trial stipulation.

On appeal, State Farm raises the following arguments:

POINT I

THE JURY VERDICTS WERE INCONSISTENT AND MUST BE SET ASIDE

POINT II

THE JURY CHARGE WAS INADEQUATE (Not raised below)

II.

State Farm first contends the trial judge erred by accepting the jury verdict and entering judgment for plaintiff because the verdict was inconsistent. A jury verdict is entitled to a presumption of correctness. Baxter v. Fairmont Food Co., 74 N.J. 588, 598 (1977). Generally, we will not disturb a jury verdict "unless it clearly appears that there was a miscarriage of justice under the law." R. 2:10-1; see also Carrino v. Novotny, 78 N.J. 355, 360 (1979) ("[A] jury verdict, from the weight of evidence standpoint, is impregnable unless so distorted and wrong,

in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice.").

This deference

> is reflected also in the general rule that a trial court may not mold a jury verdict according to its perception of the jury's view. A verdict may be molded in consonance with the plainly manifested intention of the jury, but such a determination is best performed in the presence of the jurors and with their consent. Moreover, molding a verdict is most appropriate when it pertains to form rather than substance. Once the jury is discharged, both trial and appellate courts are generally bound to respect its decision, lest they act as an additional and decisive juror.
>
> [Kassick v. Milwaukee Elec. Tool Corp., 120 N.J. 130, 135-36 (1990) (internal citations and quotation marks omitted).]

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact" by submitting "written questions which can be categorically or briefly answered . . . ." R. 4:39-1. The purposes served by jury interrogatories are: "to require the jury to specifically consider the essential issues of the case, to clarify the court's charge to the jury, and to clarify the meaning of the verdict and permit error to be localized." Ponzo v. Pelle, 166 N.J. 481, 490-91 (2001) (quoting Wenner v. McEldowney & Co., 102 N.J. Super. 13, 19 (App. Div. 1968)).

Here, the jury returned multiple inconsistent verdicts. The jury found State Farm failed to prove plaintiff's negligence was a proximate cause of the accident but still apportioned fault to plaintiff. See Roland v. Brunswick Corp., 215 N.J. Super. 240, 244 (App. Div. 1987) (holding that a jury verdict finding the plaintiff's negligence was not a proximate cause of his injuries while still apportioning five percent of fault to the plaintiff was "clearly and irreconcilably inconsistent."). "Where inconsistent answers to jury interrogatories are irreconcilable, thus bespeaking jury mistake or confusion, a verdict based thereon cannot stand." Lancos v. Silverman, 400 N.J. Super. 258, 272 (App. Div. 2008) (internal citation and quotation marks omitted). The trial judge himself recognized the inconsistency and potential jury confusion; notwithstanding this recognition, the judge discharged the jury without further deliberation, and entered judgment for plaintiff.

We conclude the trial judge committed reversible error by accepting the inconsistent verdict and entering judgment, without the jury's presence or consent, particularly in light of the jury's second tentative verdict that was also inconsistent. The judge should have brought out the jury, explained the inconsistency in its verdict, and elicited information to clarify the jury's intent or possible confusion. See Butler v. Acme Mkts., 89 N.J. 270, 283 (1982)

9

(upholding a molded verdict because "the [trial] judge permitted the jury to mold its own verdict by molding it in their presence before discharge and obtaining their concurrence."); Mahoney v. Podolnick, 168 N.J. 202, 223 (2001); Dubak v. Burdette Tomlin Memorial Hosp., 233 N.J. Super. 441, 456 (App. Div. 1989). Otherwise, "[i]t is not possible to reconstruct and recast the jury's deliberations simply by parsing the answers to the special interrogatories, or identifying which of its determinations or answers is critical[.]" Theer v. Philip Carey Co., 133 N.J. 610 (1993). Accordingly, we are constrained to reverse and remand for a new trial.

State Farm also contends the Dolson jury charge was inadequate because the judge failed to advise the jury that if it found plaintiff violated N.J.S.A. 39:4-89, it must find plaintiff negligent as a matter of law. In view of our determination that the improper molding of the verdict outside of the presence of the jury requires reversal and remand for a new trial, we decline to address State Farm's claim of plain error regarding the Dolson charge.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2437-19